IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL YANCY, JR. | § | |
| (TDCJ No. 1433033), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:16-cv-2029-L-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Carl Yancy, Jr., a Texas inmate, proceeding *pro se*, has filed an

application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. For

the reasons explained below, the federal habeas application should be denied pursuant

to Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Yancy's right

to fully exhaust his state court remedies.

**Applicable Background**

In 2007, Yancy was convicted of murder and sentenced to life imprisonment. *See

State v. Yancy*, F05-40209-R (265th Jud. Dist. Ct., Dallas Cnty., Tex.). The trial court's

judgment was affirmed on direct appeal, *see Yancy v. State*, No. 05-07-00457-CR, 2008

WL 2808931 (Tex. App. – Dallas July 22, 2008), and the Texas Court of Criminal

Appeals ("CCA") refused Yancy's petition for discretionary review, *see Yancy v. State*,

PD-1115-08 (Tex. Crim. App. Oct. 8, 2008).

Yancy's federal habeas petition reflects that he filed his state habeas application on October 25, 2009. *See* Dkt. No. 3 at 4. That filing date is consistent with online records from Dallas County, which reflect that a writ master was appointed, and the State filed a response, in December 2009.

But the state court did not enter findings of fact and conclusions of law until May 19, 2016, which Yancy mistakenly construes as a denial of his state habeas application. *See* Dkt. No. 3 at 4. The CCA's docket confirms that the state habeas application was received by that court on June 3, 2016. *See Ex parte Yancy*, WR-85,213-01 (Tex. Crim. App.). And that Court has not yet ruled on the application.

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction

relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Yancy's Section 2254 habeas petition and easily obtainable state court records reveal that he has not fully exhausted applicable state court remedies by obtaining a decision from the CCA prior to filing a habeas application in this Court. Thus, Yancy has failed to exhaust state court remedies in a procedurally correct manner, and his

Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

### Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should deny Yancy's 28 U.S.C. § 2254 habeas application without prejudice to his right to fully and properly exhaust state court remedies, and also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General and will be directed to the attention of Elizabeth Goettert and Laura Haney, Texas Attorney General's Office, Postconviction Litigation Division, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 14, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE